and the United Jewish Federation of New York, case number 24756. So Mr. Friedman, come up to the podium. Can you hear us? Yes. Hi, good morning. May I please the court? Hold on, hold on, hold on one second. Thank you so much. All right, Mr. Friedman. Now, okay, yes. Okay, this case was wrongly dismissed in the Southern District Court here in Manhattan based on the statute of limitations, which was totally wrong. Because the Child Victims Act, which I filed when I was 54 years old, the Child Victims Act is good until 55 years old. Okay, and I filed, okay, now the court made a very, very big mistake, the lower court did, because they said, because they wrote that the fact that I filed it one year after the one-year look-back window, which ended in 2021, I filed it in 2022. That was totally irrelevant, because the one-year look-back window has nothing to do with, has nothing to do, does not overrule the CVA. The one-year look-back window was only for people for, for no matter how old they are, when they were sexed, no matter how old they are, they can sue, even if they're 300 years old, let's say, they can sue under the Child Victims Act when they were below the age of 18 years old. Okay, the one-year look-back window that ended in 2021 had nothing to do, okay, does not mean that I filed it after the statute of limitations, because the CVA, the Child Victims Act, is still good today until the plaintiff is 55 years old. And I filed it when I was 54 years old in 2022, and that's fine, because the one-year look-back window is irrelevant. I filed it when I was 54 years old, and that was the basis why the Southern District Court dismissed the case, and that was wrong. There was a big confusion, okay? That was the basis why, because I definitely did not file it after the statute of limitations, because I filed it when I was 54 years old, before my 55th birthday. Now, one more thing, the UJA is very much liable as well, because first of all, they totally financed Camp Hatikva, when Abraham Barthel sexually abused me when I was 14 years old. It was totally financed, and it was totally sponsored by the UJA Federation of New York. Okay? The fact that UJA Federation may not have owned the land does not mean anything. The bottom line is, it was a UJA Federation camp, and if it was not a UJA Federation camp, none of the sexual abuse that Abraham Barthel did to me in 1982 would have happened under the direction of Harvey Bachman, okay? So, it was not past the statute of limitations that I filed. So, we've got your argument. You've reserved some time for rebuttal. You've reserved some time for rebuttal. So, have a seat right there, in that seat. You want me to sit over here? Yeah. Thank you so much, Your Honor. We'll hear from Mr. Barthel, and then- Thank you so very much, Your Honor. Okay. Good morning, Steve. Good morning, if it pleases the court. My name is Louis Barthel. I'm representing the defendant, the appellee, Dr. Abraham Barthel. The court below found that plaintiff, that the appellant's matter should be dismissed on the basis of statute of limitations under 214G. And to be clear, there are two sections that are involved. Child Victims Act, Section 214G, which was a temporary revival act or amendment for those claims that, as of February 14th, 2019, were time barred. At the same time, there was a separate and distinct section, 208B, which was intended to allow those with viable claims to bring those claims, extend the time until age 55. Depending on the nature of the claims, they may have been limited to 25 or 28, and that amendment extended it out to 55. But the important thing is, is that those were for claims that were viable as of February 14th, 2019. Plaintiff brought suit, the only claim he, only way he could have brought his claim would have been under 2014G, because they were already time barred as of February 14th, 2019. These were allegations that took place in the mid-1980s at a summer camp, and they were clearly time barred. They were one-year or three-year statutes. When he hit the age of majority, it would have been 1986, 1987, and by 1989, those would have been time barred. The plaintiff is attempting to conflate the two sections and take the extension to age 55 provided to those who were victims with viable claims in 2019, and apply it to those who had claims that were viable window claims under 2014G. I just want to bring to the court's attention, there are several cases that where the courts, both US District Court and State Court of New York and the Appellate Division have addressed the fact and really come to the same conclusion that 2014G was a temporary retrospective act with no age limitation. And 208B is intended to be a prospective and allow people to continue to age 25. In Doe v. Kimmel, which is very similar to this case, the plaintiff was a high school student in the early 2000s where she alleges sexual abuse. She brought a claim in 2024 against the principal and the New York City Department of Education, where she admitted, as does the plaintiff here, by the way, the appellate admits that he missed the window under 2014G. And in Doe v. Kimmel, plaintiff had the same issue. She missed the window because she brought a claim in 2024. And she claimed, though, that because she was under the age of 55, 208B was applicable, and the courts decided very clearly relying the underlying issue, the underlying decision in this matter, as well as DeSalvo v. Whalen-Cahonkin School District, that there are two distinct amendments intended to address two different issues or two different problems. And there was no language that intended to mix and match, if you will, and take the age limit that was applicable to 208B and apply it to 214G. I'd also like to point out that in DeSalvo, that was a case where the plaintiffs brought a timely action under 214G. But they were 62 years old, and the defendants in that case attempted to dismiss the case, claiming that they only had till age 55, and the court said, no, no, that's not the case. Again, two distinct issues, 208B allows, extends to age 55, and 214G was that temporary window without any age limitation, and denied the motions to dismiss. So your honors, it's very clear the court below was correct. They recognized that 214G had a statute of limitations that ran as of February 14th, 2021. The plaintiff's claim was brought in September of 2022, roughly 13 months after the fact, and dismissed it because the 55 year old extension applicable under 208B had no application on a 214G lawsuit. Thank you very much. Thank you. Ms. Cardo. You can do whatever you want, Ms. Cardo, but I don't know that we need a repetition of- Exactly, yes. Yes, your honor, thank you. Lila Cardo for United Jewish Appeal Federation of Jewish Philanthropies. I will rely on Mr. Bartell's excellent argument, I agree fully with that. I would just want to address something that Mr. Friedman raised in his argument, which the district court did not rule on, and that is the additional grounds for our motion. First, we had argued that UJA is just merely a funding organization. It had no connection whatsoever with the court, with the camp. It didn't have a presence there. It didn't own, operate, control. It didn't hire employees. It didn't fire employees. It didn't supervise operations. It didn't create rules and regulations for the camp. Further, plaintiff in his complaint and his amended complaint did not allege any allegations that were specific enough to support a claim against UJA. Thank you. Thank you very much. So, Mr. Friedman? May I come in? Come back up, and you have two minutes. May I come in? Yep. Thank you so much. Once again, okay, this honorable appellate court absolutely must send this case back down to the lower court of the southern district court. And they hadn't because the basis they gave was that I filed it after the statute of limitation. And that was totally false, because I filed it when I was 54 years old, and the Child Victims Act ends when you're 55 years old. They got it totally confused. The one year look back window that I filed one year after the one year look back window ended had absolutely nothing to do with it. The one year look back window is even for people, let's say, 300 years old or 400 years old when they were sexually abused below the age of 18, that had nothing to do with me, okay? Because the Child Victims Act is still around today for people who are until 55 to sue. The bottom line is, the basis they gave was totally wrong, and I ask this honorable appellate court to please send this case back down to the lower court of the southern district here in Manhattan, because they absolutely made a very big mistake, okay, when they got it confused with the CVA and the one year look back window. And once again, the UJA is totally liable for Abraham Barthel and Camp Partikva's actions, because not only did UJA totally finance Camp Partikva, but it was a UJA property, that's what the sign said. And they even used the state's name, it was under the total dominion of UJA. If it wasn't for a UJA camp, none of that would have happened, okay? Camp Partikva sexual abuse would not have happened to me, okay? So it must be sent down to the lower court, because I never missed a statute of limitation. I thank this honorable appellate court for your time. Mr. Friedman, thank you very much. Thank you so much, God bless you. We got the benefit of the arguments, and we'll- Thank you for the headphones. We'll reserve the decision. Thank you for your comments. We'll reserve the decision.